Filed 7/30/26  Van Dyke v. Katz CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)


| | |
|---|---|
| PRISCILLA VAN DYKE,<br>    Plaintiff and Appellant,<br><br>    v.<br><br>JOSHUA KATZ,<br>    Defendant and Respondent. | C104964<br><br>(Super. Ct. No. 24DV01151) |


The unmarried parties before us stipulated to, inter alia, dismiss their competing applications for a domestic violence restraining order (DVRO) against each other and the trial court entered the stipulation as an order.  Two months later, the trial court granted appellant Priscilla's request to set aside specific provisions of the order that dealt with property division.  Priscilla did not appeal either order.  Priscilla later sought to set aside the modification and the original orders, arguing the stipulation and original order were invalid; the trial court denied that request.  Priscilla now appeals the trial court's denial order.  She again argues the original order was invalid.  We affirm.

**FACTUAL AND LEGAL BACKGROUND**

Considering the nature of the issues before us, we need only recite the following facts for context and procedural history.

1

Priscilla began to date Joshua in 2019.  They eventually bought a house and moved in together.  After an event in early January 2023, the relationship rapidly deteriorated.  They each sought a DVRO against each other and temporary orders were issued pending a hearing.

On November 21, 2024, the day set for trial on the mutual DVRO petitions, Priscilla was represented by counsel and Joshua represented himself.  Testimony regarding Priscilla's petition was taken in parts; Priscilla's testimony was interrupted by a third party witness, who also testified.[1]  After Joshua testified but before he could be cross-examined, the court called a recess, and the parties returned with a stipulation drafted by Priscilla's attorney.  Pursuant to the stipulation and as relevant here, the parties each agreed to:  dismiss their own existing restraining order and petition against the other party with prejudice (paragraphs Nos. 1 & 2), sell their jointly owned home and divide the proceeds in a particular manner (paragraphs Nos. 3 & 4), pay their own attorney fees in the DVRO and property partition actions (paragraph No. 6), and have no contact with one another or the other's employer (paragraphs Nos. 7 & 8).  After confirming the parties entered into their agreement knowingly and voluntarily, the court signed the stipulation, entered it as an order, and terminated both parties' existing restraining orders (November order).

I
*Priscilla's First Motion to Set Aside*

Almost a week later, on November 27, 2024, Priscilla moved to set aside portions of the stipulation and November order based on Code of Civil Procedure section 473, subdivision (b) and Family Code section 2122.  She contended she was under significant

---

[1]    We previously denied Priscilla's untimely request to augment the record with transcripts and thus there is no reporter's transcript for the instant case.  However, because we resolve the appeal on procedural grounds, the transcript is unnecessary to our determination of the issues in this case.

stress, her posttraumatic stress disorder severely impaired her ability to fully process the implications of the stipulation, and she did not fully understand it. The motion specifically and exclusively requested that paragraphs Nos. 3 and 4 — the portions of the stipulation concerning the jointly owned home — be deleted in their entirety and that paragraph No. 6 be replaced with an agreement to each bear their own attorney fees in only the DVRO actions. In support of these requests, Priscilla attached to the motion pleadings from a separate partition action that had been filed in the superior court. Priscilla did not request any change to paragraph No. 1 or 2, in which each party agreed to dismiss their respective DVROs with prejudice; nor did she request any change to paragraph No. 7 or 8, which prohibited the parties from contacting or harassing one another.

A hearing on the motion was held on January 22, 2025. The court found that the property was subject to an on-going civil partition action that preceded the stipulation and order and that Priscilla was prejudiced by not having consulted with her partition counsel before entering into the stipulation. The court set aside the portions of the order regarding partition and the parties' real property. Consistent with Priscilla's request, the court deleted paragraphs Nos. 3 and 4 and modified paragraph No. 6 regarding attorney fees but explicitly stated that all other terms of the November order "will continue as current orders of the Court" (January amended order).

II

*Priscilla's Second Motion to Set Aside*

On July 21, 2025, Priscilla, acting in propria persona, filed a motion to set aside and dissolve the entire January amended order and remaining provisions of the November order pursuant to Code of Civil Procedure section 473, subdivision (b) based on "mistake, inadvertence, surprise [and] excusable neglect" and Family Code section 2122 based on duress, mental incapacity, fraud, perjury, the respondent's failure to comply with mandatory disclosure requirements and mistake of law and fact (July motion).

3

Specifically, she claimed that: the original stipulation was procured through duress and mental incapacity; she only ever acted in self-defense against Joshua; her attorney was ineffective; and Joshua had committed perjury and failed to provide financial disclosures under Family Code section 2100 et. seq. She further asserted the trial court misapplied the law regarding DVRO proceedings and denied her due process by entering mutual dismissals of the DVROs without making factual findings. Priscilla contended that existing case law, "confirm[s] this Court's equitable power to vacate orders obtained through duress, fraud, or procedural error."

Joshua opposed the motion, arguing in part that the motion was untimely under Code of Civil Procedure section 473, subdivision (b) as it was filed more than six months after the November order and was not filed within a reasonable time of the January amended order.

After a hearing in September 2025, the court denied the motion. The court found that Priscilla actually sought to set aside the parties' original stipulation, "as reflected in the Court's Findings and Order After Hearing on 11/22/24." The court denied the request to set aside the order under Code of Civil Procedure section 473, subdivision (b) as untimely. The court also found that Family Code section 2122 did not apply because that statutory scheme was "meant to address issues of property division and support" and "relief from judgment under these provisions are for proceedings related to dissolution, nullity or legal separation filings" which were not issues in this case.

Priscilla filed a timely notice of appeal.

Priscilla also filed a request for this court to take judicial notice of a fee arbitration findings and award, dated September 29, 2025, in a separate matter between Priscilla and her trial attorney. Priscilla claims we may do so because such awards may be converted to judgments of the superior court and thus it constitutes a record of proceeding subject to judicial notice pursuant to Evidence Code section 452, subdivision (d). She also contends judicial notice is appropriate because the award contains "facts and propositions

4

that are not reasonably subject to dispute and are capable of immediate and accurate determination" as appropriate under Evidence Code section 452, subdivision (h). We reserved the ruling on the request.

We now deny the request to take judicial notice of this document for several reasons. First, a party to an arbitration may petition the court to confirm, correct or vacate the award (Code Civ. Proc., § 1285) but there is no indication that was done here. Thus, it remains subject to challenge or confirmation and is not yet a court record; Evidence Code section 452, subdivision (d) does not apply. Next, we have the discretion to take judicial notice of the existence of the award, not of the truth of its contents, which is what Priscilla seeks. (See *Sandoval v. Pali Institute, Inc.* (2025) 113 Cal.App.5th 616, 627, fn. 2.) Indeed, almost by definition, arbitration awards are not "[f]acts and propositions that are not reasonably subject to dispute and are capable of immediate and accurate determination by resort to sources of reasonably indisputable accuracy." (Evid. Code, § 452, subd. (h).) Finally, to the extent Priscilla contends the award supplies evidence of her claims, there is no showing that this award was filed, lodged with, or presented to the trial court in the present action or at any other time. Absent exceptional circumstances, a reviewing court will generally not take judicial notice of evidence not presented to the trial court, and no exceptional circumstances are shown here. (*Haworth v. Superior Court* (2010) 50 Cal.4th 372, 379, fn. 2.)

## DISCUSSION

Priscilla contends the trial court erred in denying her motion to set aside the November 2024 stipulation because it was a product of judicial pressure to settle the matter without a hearing and was entered into while she was experiencing acute trauma symptoms. She claims that the fact the stipulation attempted to resolve the property issue without authority demonstrates its involuntary and coercive nature. She further claims that the court's conduct during the November 2024 hearing demonstrated a preference for resolution over adjudication. She challenges the way the November hearing was

5

conducted and contends that the court: failed to protect her as an abuse survivor by allowing Joshua to interrupt and personally cross-examine her in an argumentative manner; improperly questioned her itself; denied her the ability to cross-examine Joshua; failed to apply the correct evidentiary and procedural standards under the Domestic Violence Prevention Act (DVPA) (Fam. Code, § 6200 et seq.); and failed to recognize a continuing pattern of coercive control and instead focused on isolated incidents that minimized Joshua's abuse. She further contends that cumulative error by the trial court requires reversal as the failure to hold a fair hearing resulted in a miscarriage of justice. It is clear that Priscilla's goal is to vacate both the November order and the January amended order and to litigate the DVRO claims anew. It is equally clear, for several reasons, that she may not do so.

As we apply the relevant law, we note that it is a "fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.] 'This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.' " (*Jameson v. Desta* (2018) 5 Cal.5th 594, 608-609.) Relatedly, we note that to overcome the presumption of correctness, "an appellant is required to not only cite to valid legal authority, but also explain how it applies in his [or her] case." (*Hodjat v. State Farm Mutual Automobile Ins. Co.* (2012) 211 Cal.App.4th 1, 10.) "When legal argument with citation to authority is not furnished on a particular point, we may treat the point as forfeited and pass it without consideration." (*Allen v. City of Sacramento* (2015) 234 Cal.App.4th 41, 52.)

I

*Appellate Review of the November Proceedings and Orders*

We are compelled to note that Priscilla's litigation strategy has severely limited our ability to review the issues she raises. As noted, Priscilla contends judicial error

6

during trial warrants setting aside the stipulation that occurred midtrial. These contentions are not cognizable in this appeal. To preserve them for review, Priscilla had to object during the trial. "As a general rule, a claim of error will be deemed to have been forfeited when a party fails to bring the error to the trial court's attention by timely motion or objection." (*Avalos v. Perez* (2011) 196 Cal.App.4th 773, 776.) There is no indication that she did so.

Further, if Priscilla believed the trial court erred in entering the stipulation and November order, it was incumbent on her to timely appeal. " '[T]he timely filing of an appropriate notice of appeal or its legal equivalent is an absolute prerequisite to the exercise of appellate jurisdiction.' " (*K.J. v. Los Angeles Unified School Dist.* (2020) 8 Cal.5th 875, 881.) We can review an appealable order only if a party timely appeals the order. She did not do so. Nor did she appeal the January amended order. Thus, even if the January amended order was the operative order for purposes of appellate review, as Priscilla implies, she failed to pursue that remedy. (See *In re Marriage of Eben-King & King* (2000) 80 Cal.App.4th 92, 109 ["The outside time limit for filing a notice of appeal remains 180 days after entry of judgment in all cases; authorized extensions of the filing period will not stretch the appeal deadline beyond this limit" (italics omitted)]; see also Cal. Rules of Court, rule 8.104(a)(1) [setting forth time limits in which to file a notice of appeal].) Because she did not timely appeal either order, she is precluded from obtaining any appellate review of those orders. " 'A party who fails to take a timely appeal from a decision or order from which an appeal might previously have been taken cannot obtain review of it on appeal from a subsequent judgment or order.' " (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 509; see also *Norman I. Krug Real Estate Investments, Inc. v. Praszker* (1990) 220 Cal.App.3d 35, 46 [" 'If a judgment or order is appealable, an aggrieved party must file a timely appeal or forever lose the opportunity to obtain appellate review' "].)

7

## II
### *Motion to Set Aside*

Instead, Priscilla chose to challenge the orders in the trial court by filing a motion to set aside the judgment pursuant to Code of Civil Procedure section 473 and Family Code section 2122. (See *In re Marriage of Guardino* (1979) 95 Cal.App.3d 77, 86-87 [discussing a motion to set aside as one way to attack a judgment].) As we explain, we find no abuse of discretion in the trial court's denial of Priscilla's motion to set aside the prior orders. (See *Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 981 [the denial of relief under Code Civ. Proc., § 473, subd. (b) is reviewed for abuse of discretion].)

A. Family Code section 2122

At the outset, we agree with the trial court that Family Code section 2122 does not apply here. The Family Code allows the trial court to set aside orders under certain circumstances. "[Family Code s]ection 2122 sets out the exclusive grounds and time limits for an action or motion to set aside a marital dissolution judgment." (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 684.) The provision enumerates six grounds to set aside a judgment, or portion thereof, including actual fraud, perjury, duress, mental incapacity, mistake, and the failure to fully disclose the value of assets under Family Code section 2100 et seq. (Fam. Code, § 2122, subds. (a)-(f).) Subdivision (e) states that "[a]s to stipulated or uncontested judgments or that part of a judgment stipulated to by the parties," a set aside motion may be based on "mistake, either mutual or unilateral, whether mistake of law or mistake of fact."

But Family Code section 2120 through section 2122 are general provisions within the division governing "Nullity, Dissolution and Legal Separation." Family Code section 2120 sets forth California's "strong policy of ensuring the division of community and quasi-community property *in the dissolution of a marriage*." (Fam. Code, § 2120, subd. (a), italics added.) Family Code section 2121, subdivision (a) provides that "[*i*]*n proceedings for dissolution of marriage, for nullity of marriage, or for legal separation*,"

the trial court may grant relief "from a judgment … adjudicating support or division of property." (Italics added.) Although the parties in this case had property to be divided, they were never married. Nor is there any indication that they were registered domestic partners.[2] Thus, there was no formal union to dissolve and the provisions providing relief from judgment pursuant to Family Code sections 2121 and 2122 do not apply to this case. Priscilla's cited authority supports our conclusion. (See, e.g., *In re Marriage of Kieturakis* (2006) 138 Cal.App.4th 56, 88 [discussing the applicability of Fam. Code, § 2122 to marital dissolution judgments].) And because these statutory provisions do not apply, the trial court had no obligation to make findings under them. (See *Carpenter v. Pacific Mut. Life Ins. Co.* (1937) 10 Cal.2d 307, 327-328 ["Findings are required and necessary only where a statute so provides"]; *Laabs v. City of Victorville* (2008) 163 Cal.App.4th 1242, 1272 ["the general rule [is] that findings of fact are not required in connection with law and motion matters"].)

B. Code of Civil Procedure Section 473

Code of Civil Procedure section 473[3] governs motions to set aside "a judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b).) A motion for relief under section 473, subdivision (b), must be filed "within a reasonable time, in no case exceeding six months, after the judgment, dismissal, order, or proceeding was taken." (§ 473, subd. (b).) Subdivision (b) contains both mandatory and discretionary provisions for relief. (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432,

---

[2]    The California Domestic Partner Rights and Responsibilities Act of 2003 (Stats. 2003, ch. 421) extends to registered domestic partners almost all of the rights, benefits, protections, and obligations that apply to spouses under California law both during and upon termination of the union and makes marriage dissolution, nullity, and legal separation procedures applicable to domestic partnerships. (See Fam. Code, §§ 297, 297.5, 299, subd. (d).)

[3]    Undesignated statutory references are to the Code of Civil Procedure.

438.)  As relevant here,[4] the permissive provision of the statute provides that the court "may … relieve a party or the party's legal representative" from a variety of orders, including a "judgment, dismissal, order, or other proceeding taken against the party through the party's mistake, inadvertence, surprise, or excusable neglect."  (§ 473, subd. (b).)  This provision is generally understood to apply broadly to parties seeking to obtain relief from judgments, dismissals, or stipulations for dismissal.  (See *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 254-256, 255 ["California courts have consistently held that parties may obtain relief from judgments, dismissals, or stipulations voluntarily entered into pursuant to a voluntary agreement through the discretionary relief provision of section 473"].)

We agree with the trial court that Priscilla's July motion to set aside the January amended order is actually an attempt to set aside the November stipulation and order. " 'The nature of a motion is determined by the nature of the relief sought, not by the label attached to it.  The law is not a mere game of words.' "  (*Sole Energy Co. v. Petrominerals Corp.* (2005) 128 Cal.App.4th 187, 193.)  Here, the nature of the relief Priscilla seeks is to set aside her agreement to dismiss the DVRO petitions and to reinstate litigation on them, which was set in motion through the November order.  The January amended order only deleted provisions from the November order and specifically provided that all other terms of the stipulations published in November "will continue as current orders of the Court."  Hence, the only way Priscilla could obtain the relief she seeks is if the November order is vacated.  More than seven months elapsed between the entry of the November order and the July motion, and relief cannot be granted under section 473 if the motion is made more than six months after the date of entry of the order.  (See *Thompson v. Cook* (1942) 20 Cal.2d 564, 569 ["It is well settled in this state

---

[4]    Priscilla does not contend she is entitled to relief under the mandatory provision of section 473, subdivision (b).

that a court has no power to set aside on motion a judgment or order not void on its face unless the motion is made within a reasonable time, and it has been definitely determined that such time will not extend beyond the limited time fixed by section 473 of the Code of Civil Procedure as at present in force"]; cf. also *Kramer v. Traditional Escrow, Inc.* (2020) 56 Cal.App.5th 13, 39 ["The six-month period for granting relief under section 473, subdivision (b), 'runs from entry of default, not entry of judgment' "].) Priscilla's second motion was made too late to apply to the November order, and the trial court did not err in denying it as untimely without considering the merits. (See *Thompson v. Vallembois* (1963) 216 Cal.App.2d 21, 24 ["The motion was made [three months] too late, and the trial court simply lacked jurisdiction to act under it"].)

Priscilla attempts to persuade us otherwise by contending that the January amended order became the operative judgment for purposes of postjudgment relief; because the January amended order left intact the provisions dismissing the DVRO petitions from the November order, her timely motion to set aside the January amended order requires review of the provisions in the November order. We disagree. Priscilla's interpretation is not consistent with the express language of section 473 that requires a motion to be filed within six months of the challenged order. Neither of the cases Priscilla cites in support of her position are helpful and/or involve the circumstances here.

In *Dakota Payphone, LLC v. Alcaraz*, the appellate court dismissed *an appeal* as untimely stating, "[t]he resolution of this issue turns on the question whether the amended judgment superseded the original judgment for purposes of computing the *time in which to file a notice of appeal*." (*Dakota Payphone, LLC v. Alcaraz* (2011) 192 Cal.App.4th 493, 504, italics added.) Similarly, in *Lister v. Bowen*, the appellate court concluded that the trial court's reduction of the length of the renewed restraining order was a material or substantial modification of the prior order and thus superseded the prior order such that it "reset" the *time to appeal*. (*Lister v. Bowen* (2013) 215 Cal.App.4th 319, 330-331.) In contrast, we are confronted with Priscilla's failure to move to set aside the original order

11

within six months of its entry. The six-month time limit for granting relief under section 473 is jurisdictional and relief cannot be granted under section 473 if the application for such relief is instituted more than six months *after the entry of the* judgment, *order*, or proceeding *from which relief is sought*. (See *Weitz v. Yankosky* (1966) 63 Cal.2d 849, 855; *Thompson v. Vallembois, supra*, 216 Cal.App.2d at p. 24.)

Even if we were to consider the July motion as timely with respect to the issues generated by the November order and left intact by the January amended order, Priscilla has forfeited any argument that she is entitled to relief pursuant to section 473, subdivision (b) because she fails to present a developed argument on appeal that the "judgment, dismissal, order, or other proceeding" taken against her was due to her "mistake, inadvertence, surprise, or excusable neglect." And even if we were to consider the merits of her claims of trial error, they do not explain her "mistake, inadvertence, surprise, or excusable neglect." Indeed, we find no reference to "inadvertence" or "surprise" in her opening brief, and she mentions "mistake" and "excusable neglect" only in passing while referencing the contents of prior motions. (See, e.g., *Tiernan v. Trustees of Cal. State University & Colleges* (1982) 33 Cal.3d 211, 216, fn. 4 [issue not raised on appeal deemed forfeited or waived]; *Rufini v. CitiMortgage, Inc.* (2014) 227 Cal.App.4th 299, 312 ["[appellant] has abandoned any claim of error regarding that cause of action by failing to assert it in his briefs on appeal, so we will not address it"]; *Paulus v. Bob Lynch Ford, Inc.* (2006) 139 Cal.App.4th 659, 685 ["[c]ourts will ordinarily treat the appellant's failure to raise an issue in his or her opening brief as a waiver of that challenge"].)

Further, although Priscilla is appealing the denial of her motion to set aside the judgment — which is an appealable order — this does not create a path by which she may obtain review of previous orders; a court will not review issues that were addressed or could have been addressed in an earlier appeal. (See *Malatka v. Helm* (2010) 188 Cal.App.4th 1074, 1082 (*Malatka*) ["It is established that an order denying a motion to vacate a judgment is deemed appealable only to the extent it raises new issues

12

unavailable on appeal from the judgment"].)  "This restriction is imposed to prevent both circumvention of time limits for appealing and duplicative appeals from essentially the same ruling."  (*Ibid*.)  To implement this policy, the general rule is that "on an appeal from an appealable ruling, an appellate court will not review earlier appealable rulings." (*Ibid.*)

In *Malatka*, the appellate court applied the general rule in the context of an appeal from an amended restraining order that also implicitly denied the defendant's motion to dissolve the original restraining order.  (*Malatka, supra*, 188 Cal.App.4th at p. 1076.) Although the court concluded the amended restraining order was an appealable order, it also concluded, "to the extent the current appeal from [the amended] restraining order presents issues that could have been raised in an appeal from the original restraining order, those issues are not reviewable in this appeal."  (*Id*. at p. 1084; see also *Chico Feminist Women's Health Center v. Scully* (1989) 208 Cal.App.3d 230, 252 (*Scully*) [applying the general rule in the context of an appeal from a modified preliminary injunction].)

Similarly, in *Scully*, the plaintiff obtained a preliminary injunction, which was modified two months later.  (*Scully, supra*, 208 Cal.App.3d at pp. 237-239.)  The defendants appealed from that modified order but argued that portions of the original preliminary injunction were constitutionally overbroad and vague.  (*Id*. at p. 251.)  The appellate court noted that the original preliminary injunction was an appealable order and the court could "perceive no reason why defendants should be able to use the order … amending the injunction, as an artificial springboard from which to launch an appeal that could have been taken earlier."  (*Ibid*.)  The appellate court noted that the amended order made no change in the earlier preliminary injunction and those provisions remained " 'in full force and effect.' "  (*Id*. at p. 252.)  The court concluded that the general rule controlled, and it refused to consider the legality of the original order.  The court stated, "To allow defendants to challenge the subject paragraphs of the earlier preliminary

injunction would allow them two appeals on identical grounds. Moreover, if defendants' theory were allowed, it would theoretically allow wholesale challenges to a preliminary injunction many years after its entry." (*Ibid*.)

As in *Malatka* and *Scully*, Priscilla's challenges to the way the DVRO proceedings unfolded and to the entry of the November order and January amended order that could have been raised in an appeal, are not reviewable here. (*Malatka, supra*, 188 Cal.App.4th at p. 1084.)

C. Void Judgment

"Where, as here, a motion to vacate is made more than six months after entry of a judgment, a trial court may grant a motion to set aside that judgment as void only if the judgment is void on its face." (*Ramos v. Homeward Residential, Inc.* (2014) 223 Cal.App.4th 1434, 1440; see § 473, subd. (d).) A judgment "is considered void on its face only when the invalidity is apparent from an inspection of the judgment roll or court record without consideration of extrinsic evidence." (*Pittman v. Beck Park Apartments Ltd.* (2018) 20 Cal.App.5th 1009, 1021.) If the order can be shown to be invalid only by considering extrinsic evidence (such as through declarations and/or testimony), it is not void on its face. (*Id*. at p. 1020.) Priscilla presents no developed argument that the orders are facially void, and we conclude that her contentions that the trial court should have dissolved both orders because the November order was a product of coercion and duress cannot be resolved by examining the court record and thus do not establish the November order was void on its face. "In our view, a judgment entered pursuant to a settlement and request for dismissal that were not authorized by the client would be voidable, not void." (*W. Bradley Electric, Inc. v. Mitchell Engineering* (2024) 100 Cal.App.5th 1, 13.) Indeed, she seems to ultimately acknowledge that coercion and distress might render the orders voidable. Her additional argument, that the trial court acted in excess of jurisdiction under the DVPA, might also render the orders voidable but not void. (See *Schrage v. Schrage* (2021) 69 Cal.App.5th 126, 138 [" 'When a court has

14

fundamental jurisdiction, but acts in excess of its jurisdiction, its act or judgment is merely voidable' "].)  Priscilla has not shown the contested orders should be set aside because they are void.

D.  Equitable Relief

A judgment valid on the face of the record may be set aside in an independent equitable action without time limit.  "Extrinsic evidence, i.e., evidence outside the judgment roll, may be presented on direct attack of a judgment that is valid on the face of the record to rebut the presumption that the judgment is valid."  (*OC Interior Services, LLC v. Nationstar Mortgage, LLC* (2017) 7 Cal.App.5th 1318, 1328.)

Priscilla contends that even if she were required to file a motion to set aside the November order within six months of its entry, courts retain inherent equitable authority to vacate the orders.  It is true that "even where relief is no longer available under statutory provisions, a trial court generally retains the inherent power to vacate a default judgment or order on equitable grounds where a party establishes that the judgment or order … [citation] … resulted from extrinsic fraud or mistake."  (*County of San Diego v. Gorham* (2010) 186 Cal.App.4th 1215, 1228.)  But a court may exercise its inherent equitable power only if the moving party makes a minimum showing of entitlement. (See, e.g., *Rappleyea v. Campbell, supra*, 8 Cal.4th at p. 982 [discussing the requirement that a party seeking relief under the court's equitable powers must satisfy the elements of a "stringent three-pronged test"]; *Pittman v. Beck Park Apartments Ltd., supra*, 20 Cal.App.5th at p. 1025 [" 'the party seeking equitable relief on the grounds of extrinsic fraud or mistake must show three elements:  (1) a meritorious defense; (2) a satisfactory excuse for not presenting a defense in the first place; and (3) diligence in seeking to set aside the [order] once discovered' "]; *Rodriguez v. Cho* (2015) 236 Cal.App.4th 742, 752 [a moving party bears the burden of proving he or she is entitled to equitable relief,].)

15

Our review of Priscilla's July motion reveals multiple conclusory assertions that she is entitled to equitable relief, but no developed argument seeking such relief on nonstatutory equitable grounds.  Indeed, the references to equitable relief are tied to either Family Code section 2122 or Code of Civil Procedure section 473, and the motion concludes by acknowledging it "is anchored in the statutory grounds."  This is insufficient to raise the question of equitable relief in the trial court and, accordingly, she is precluded from doing so now.  (See *Howitson v. Evans Hotels, LLC* (2022) 81 Cal.App.5th 475, 489 ["It is well settled that the failure to raise an issue in the trial court typically forfeits on appeal any claim of error based on that issue"].)  Thus, we need not consider whether Priscilla is entitled to equitable relief.

## DISPOSITION

The trial court's denial of the motion to set aside the order is affirmed.  Joshua is entitled to his costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1) & (2).)

/s/
EARL, P. J.

We concur:

/s/
BOULWARE EURIE, J.

/s/
MESIWALA, J.

16